89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HARJINDER-SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70715.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided May 1, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Harjinder Singh is a Sikh from India who entered the United States without inspection. He conceded deportability and filed an application for asylum pursuant to 8 U.S.C. § 1158(a), and for withholding of deportation pursuant to 8 U.S.C. § 1253(h). The Immigration Judge (IJ) denied Singh's application. Singh filed a timely appeal to the Board of Immigration Appeals (BIA), which affirmed the denial of his application. Singh petitions us for review.
 
 
 4
 * Harjinder Singh entered the United States without inspection on October 4, 1989. On November 15, 1989, the Immigration and Naturalization Service (INS) issued an order to show cause why Singh should not be deported. At a hearing before the IJ, Singh admitted the allegations in the order to show cause, conceded his deportability, and requested political asylum. The IJ adjourned the hearing to give Singh an opportunity to file an application for asylum and withholding of deportation. The IJ held a full hearing on Singh's application for relief on May 31, 1991. At the conclusion of the hearing, the IJ issued an oral decision denying Singh's application for asylum and withholding of deportation, but granting his request for voluntary departure.
 
 
 5
 Singh filed a timely appeal of the IJ's decision with the BIA on June 7, 1991. The BIA affirmed the IJ's decision on September 30, 1994. Singh filed his petition for review on October 31, 1994.
 
 II
 
 6
 We review the BIA's decision not to grant relief under an abuse of discretion standard. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). The BIA's denial of asylum must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In order to obtain a reversal, the petitioner must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id.
 
 
 7
 We review the credibility findings of the IJ for substantial evidence. Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). The IJ's credibility determinations are entitled to substantial deference, but must be supported by specific, cogent reasons for the disbelief. Berroteran-Melendez, 955 F.2d at 1256. There must be a rational connection between the reasons cited and the conclusion that the petitioner is not credible. Aguilera-Cota, 914 F.2d at 1381.
 
 
 8
 The IJ concluded that Singh was not credible because of internal inconsistencies in his testimony and conflicts between his testimony and the information provided in his application for asylum. The IJ discussed these inconsistencies at length in his Oral Decision, and they need not be repeated here.
 
 
 9
 The petitioner argues that the IJ improperly based his adverse credibility finding on the petitioner's amendment of his asylum application to include additional information, and on minor inconsistencies between petitioner's asylum application and his hearing testimony. In Aguilera-Cota, 914 F.2d at 1382, we held that "failure to file an application form that was as complete as might be desired cannot, without more, properly serve as the basis for a finding of a lack of credibility." We reasoned that asylum application forms are often completed by poor, illiterate people who do not speak English and are unable to retain counsel. Under such circumstances, the IJs cannot expect the answers provided on the forms to be complete. It is also true that minor inconsistencies in the record which reveal nothing about an asylum applicant's fear for his safety do not provide sufficient ground for an adverse credibility finding. Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988). In this case, however, there are not only minor consistencies and omissions in the record, but also discrepancies regarding events critical to petitioner's asylum claim.
 
 
 10
 Despite the assistance of counsel in preparing his asylum application, Singh omitted facts supporting his claim of fear of persecution. Singh stated in his application that he was arrested by the Punjab police once in June 1988, and detained for a week, during which time he was whipped with a leather belt and then released on bail. At the asylum hearing, however, Singh amended his application and testified that he was in fact arrested twice, once in June and again in August 1988. He testified that during his first detention, which lasted two weeks, not one, the authorities not only whipped him with a belt but also subjected him to caning, electric shocks, hair pulling, and having a heavy wooden roller rolled over his legs. He further testified that he was subjected to the same treatment during his second detention.
 
 
 11
 Petitioner also failed to include in his application that the Punjab police interrogated his father about the petitioner and his whereabouts. In his asylum application, the petitioner stated only that the police interrogated his father about his father's "connection with Sikh Extremists seeking the independent State of Khalistan." AR at 140.
 
 
 12
 These facts are critical to Singh's claim that he fears for his safety, yet Singh omitted them from his asylum application. When he finally offered these facts, he dribbled them out in a manner which suggested to the IJ that petitioner was "boot-strapping his case." AR at 44. The IJ's concerns about petitioner's embellishment of his claims is reasonable considering the record as a whole.
 
 
 13
 The record also shows numerous other inconsistencies of less import. Petitioner omitted from his asylum application his membership in the All India Sikh Student Federation, and gave inconsistent information about the length of his initial detention by the Punjab police and the number of times his grandfather was arrested. While these discrepancies appear minor when considered individually, the record viewed as a whole supports the IJ's finding that petitioner was not credible.
 
 
 14
 We conclude that the IJ's adverse credibility determination is supported by substantial evidence in the record. Singh gave inconsistent information about the number of times he was arrested, his treatment by Punjab authorities, and the level of interest the authorities had in petitioner and his political activities. Facts concerning the severity of the asylum applicant's persecution by government authorities go to the heart of his asylum claim, and thus the applicant's failure to give a complete and consistent account of these events may properly be the basis for an adverse credibility determination by the IJ.
 
 
 15
 Singh offered no evidence other than his own testimony to support his asylum application. Because his testimony was not credible, there was no basis for finding that Singh had a well-founded fear of persecution. The IJ and BIA's denial of Singh's application for asylum and withholding of deportation was not an abuse of discretion.
 
 
 16
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3